*Stip does not directly affect plan*
*Confirmation 9/17/2019 @1:00*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Nina Mitchell<br>　　　　Debtor<br>U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT c/o Rushmore Loan Management Services<br>　　　　Movant<br>　　vs.<br>Nina Mitchell and Francis G. Mitchell (Non-filing Co-Debtor)<br>　　　　Debtors/Respondents<br>　　and<br>William C. Miller, Esquire<br>　　　　Trustee/Respondent | : Bankruptcy No. 19-10981-elf<br>: Chapter 13<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### CONSENT ORDER / STIPULATION AGREEMENT SETTLING
### MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY

　　AND NOW, upon the Motion of U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT c/o Rushmore Loan Management Services ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic and co-debtor stay stay pursuant to Bankruptcy Code § 362(d) and § 1301 as to certain property, 715 Clovelly Lane, Devon, PA 19333 (the "Property"), it is hereby agreed as follows:

　　Nina Mitchell (hereafter, "Debtor") and Francis G. Mitchell (Non-filing Co-Debtor) acknowledge that the following monthly post-petition mortgage payments are due as follows:

　　　　Payments (3/1/19 – 5/1/19 @ *$4,457.38*)............................$13,372.14
　　　　Payments (6/1/19 – 8/1/19 @ *$4,785.48*)............................$14,356.44
　　　　Attorney's fees/costs............................................$1,031.00
　　　　Arrears ("Arrears").............................................$28,759.58

1.　　The parties agree and understand that Movant shall hold the **$28,759.58** Total Post Arrears in abeyance, as the Debtor is in the process of selling the property.

2.　　The parties agree that the deadline for the sale of the property will be 02/01/2020 and that the Movant's lien will be paid in full as the result of the sale.

3. The parties agree that the Debtor will make adequate protection payments in the amount of **$3,221.93** (or as may be adjusted from time to time, as per standard escrow practices), commencing with the **09/01/2019** payment and monthly every payment thereafter.

4. Debtors shall send all payments due directly to Creditor at the address below:

    **Rushmore Loan Servicing**
    **P.O. Box 52708**
    **Irvine, CA 92619-2708**

    **Rushmore's** loan #xxxxx0558 must appear on each payment

5. In the event Debtor fails to sell the property by the deadline, or Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Debtor's counsel, Creditor shall immediately have relief from the bankruptcy stay and Co-Debtor stay upon entry of Court Order.

6. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

7. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

8. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

9. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtor's Counsel represents that the Debtor and Co-Debtors are familiar with and understand the terms of this Stipulation and agree to said terms regardless of whether the Debtor or Co-Debtors have actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Danielle Boyle-Ebersole
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 09/03/2019

/s/ Michael G. Deegan
Michael G. Deegan, Esquire
Counsel for Debtor

Date: 09/03/2019

_LeRoy Etheridge Jr_
William C. Miller, Esquire
Trustee

Date: 9/4/19

NO OBJECTION
*without prejudice to any trustee rights and remedies.

And Now, this _____ day of _____, 2019, it is hereby ORDERED that this Stipulation between the parties is approved.

_____
Honorable Eric L. Frank
U.S. Bankruptcy Judge